CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 23 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY WILSON,<br>    Plaintiff, | Civil Action No. 7:09-cv-00267 |
| v. | **MEMORANDUM OPINION** |
| HAROLD FRANKLIN CASSELL, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Rodney Wilson, a federal prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. §§ 1983, 1985 with jurisdiction vested in 28 U.S.C. § 1343. Wilson names as defendants Harold Franklin Cassell, David Allen King, and Patrick David Martin, former officials of the Henry County Sheriff's Office. Wilson alleges that the defendants conspired to deprive Wilson of his constitutional rights by obstructing justice and fabricating, tampering, and destroying evidence, causing Wilson to be convicted of crimes for which he is currently incarcerated. After reviewing Wilson's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and 28 U.S.C. § 1915A(b)(1).

I.

Wilson specifically alleges the following facts. The defendants arrested Wilson in October 2003 after "entrapping" him with an unsupervised informant. (Compl. 4.) The informant falsely alleged that he had bought cocaine base from Wilson. The defendants subsequently illegally entered Wilson's home to plant drugs and firearms there. Wilson requests nearly $1,000,000 from the defendants and non-parties.

I take judicial notice that Wilson is still serving his federal life sentence stemming from his October 2003 arrest and subsequent related litigation. See Fed. R. Evid. 201; United States

Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir. 1964). Following that arrest, a jury in the Western District of Virginia found Wilson guilty of various drug and firearm convictions. See United States v. Wilson, No. 4:03-cr-70134-3 (W.D. Va. Dec. 17, 2004). Wilson unsuccessfully appealed the sufficiency of the evidence presented during trial. See United States v. Wilson, 164 Fed. Appx. 360 (4th Cir. 2006). Wilson subsequently filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, that the court dismissed on the merits. See Wilson v. United States, No. 7:07-cv-00267-nkm (W.D. Va. Aug. 28, 2007). Wilson does not establish the existence of any executive order expunging the conviction.

## II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co.,

324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In order to state a claim under § 1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995). Moreover, a plaintiff must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Id. at 1377. Conclusory allegations of a conspiracy are insufficient to state a claim. Id.

"[C]ivil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through

3

civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, I must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to § 1983 and Bivens actions). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Heck, 512 U.S. at 487.

Success on Wilson's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' alleged conspiracy and acts depriving Wilson of his constitutional rights, he would not have been convicted. Wilson cannot prove favorable termination because he is still convicted and serving a life sentence for the same crimes for which he seeks monetary relief. Therefore, Wilson's action is barred by Heck. Accordingly, I dismiss the complaint without prejuduce for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[1] See Omar v. Chasanow, No. 08-8440, 2009 U.S. App. LEXIS 5681 at *1-2 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck for failing to state a claim to be dismissed without prejudice to allow plaintiff to refile if

---

[1] Therefore, this dismissal does not constitute a strike under 28 U.S.C. § 1915(g). While a dismissal without prejudice for failing to state a claim does not constitute a strike, a dismissal of an action with prejudice as frivolous does. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Plaintiff is advised that any additional attempts to relitigate these issues in a district court during his life sentence without a showing of favorable termination shall be dismissed as frivolous and count as a strike under § 1915(g), requiring full payment of a civil filing fee when instituting a civil action.

4

favorable termination occurs).

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 22rd day of July, 2009.

                                              Senior United States District Judge